Argued February 2, reversed and dismissed February 9, 1926.

## STATE *v.* EDWARD COX.
### (243 Pac. 77.)

**Criminal Law—Missing Complaint in Prosecution for Possessing Still Presumed Mislaid After Trial.**

1. In prosecution for possessing still where there was no complaint in files of Supreme Court or in transcript as sent up from Justice's Court, but it appeared from transcript that judge in Circuit Court read complaint to jury, Supreme Court will presume that it existed but was lost or mislaid after trial.

**Intoxicating Liquors—Complaint Failing to Allege Still was not Registered Held Fatally Defective.**

2. Complaint, alleging defendant possessed still which was reasonably intended to be used for manufacture of liquor, was fatally defective to support prosecution under Laws of 1923, page 47, Section 6, which provides for crime of keeping unregistered still, since it did not allege that such still was not registered.

**Intoxicating Liquors—In Prosecution for Possession of Still, Burden to Show Registration is on Defendant.**

3. In prosecution under Laws of 1923, page 47, Section 6, for possession of still, it is necessary to allege that still is not registered; but, after such allegation, burden of proof shifts to defendant to produce certificate of registration.

----

Criminal Law, 17 C. J., p. 216, n. 41.
Intoxicating Liquors, 33 C. J., p. 580, n. 16, p. 730, n. 56 New, p. 748, n. 65, p. 749, n. 71 New.

From Josephine: C. M. THOMAS, Judge.

Department 1.

The defendant was tried in the Justice's Court for the alleged crime of possessing a still. The docket entries of the Justice's Court show that on the nineteenth day of October, 1923, the defendant was brought into court and asked for time to secure an attorney and, by agreement of the parties, November 9, 1923, was the date set for hearing; that on November 9th the case was called and on motion of the district attorney was reset for hearing on November 16, 1923, at 10 o'clock A. M.; and that on said date a jury was impaneled, who after hearing the evidence, returned a verdict of guilty as charged. Whereupon, the defendant was sentenced to pay a fine of $500 and to serve thirty days in jail. Thereupon, defendant gave notice of appeal and filed his undertaking therefor. There is no record that defendant was ever arraigned or entered any plea to the complaint, which is not in the files of the Justice or Circuit Court, and, upon conviction in the Circuit Court, he was sentenced to be imprisoned in the penitentiary for the term of two years, from which judgment he appeals.

REVERSED AND DISMISSED.

For appellant there was a brief and oral argument by *Mr. W. C. Winslow.*

For respondent there was a brief and oral argument by *Mr. W. T. Miller.*

McBRIDE, C. J.—Several objections are urged here, among which are, first, that there is no record showing that defendant was ever arraigned or en-

tered a plea of not guilty, and, therefore, there was no issue to try; second, that there is no record or memorandum in the files showing that a complaint was ever filed; and third, that in the trial on appeal from the Justice's Court, the Circuit Court is limited in its power to sentence only to the extent to which a justice of the peace may go under like circumstances. While all these matters might be interesting in a case where their solution might be controlling, we do not find their discussion necessary here.

1. While there is no complaint in the files here, or in the transcript as sent up from the Justice's Court, we are justified in assuming that such a complaint was actually in existence when the case was tried in the Circuit Court, and has been lost or mislaid since the trial. While we might not be inclined to adopt this rule in every instance, we do so here because it appears from the transcript that the judge read the complaint, exclusive of the caption, to the jury.

2. The complaint being so read, and which we are therefore justified in assuming, for the purposes of this case, was the original complaint filed in the Justice's Court, is as follows:

"Edward Cox is accused by this complaint of the crime of having in his possession a still and still worm, committed as follows, to-wit: That he, the said Edward Cox did on the 18th day of October, 1923, in the County of Josephine, State of Oregon, then and there being, did then and there have and possess in his residence a still and still worm which still and still worm was reasonably intended to be used for the purpose of manufacturing intoxicating liquor, to-wit, moonshine whiskey, contrary to statutes in such case made and provided and against the peace and dignity of the State of Oregon."

The complaint is fatally defective. Section 6 of Chapter 30, Laws of Oregon for 1923, is the section under which the defendant was tried, and, so far as it affects this case, is as follows:

"No person shall keep in his possession any still worm or still in any county in this state without having first registered the same together with a description of the particular premises where it is kept with the county clerk of said county. * * ."

3. The method of registration, the issuance of a certificate of registration and the requirement to post the same follow in minute detail. Physicians, dentists, druggists and other professions therein named are excepted from the provisions of the act in certain cases, it being provided that it shall not be necessary to allege in the complaint that the person charged did not come within these exceptions. It will be seen that this section does not make possessing or keeping a still a crime *per se.* The crime consists in keeping an *unregistered* still. There is no charge that defendant manufactured liquor by the use of the still or that he intended to make intoxicating liquor with it. That it was "reasonably intended" to be used for the manufacture of liquor is far from alleging that defendant so used it, or himself intended to use it for that purpose. A case against a defendant for keeping or having in his possession an unregistered still is analogous in many particulars to the old liquor license laws. In prosecutions for violation of such laws it was always necessary to allege the failure of the defendant to procure a license before he sold. the liquor, but when it came to the proof the state had only to prove the sale, the burden of proof then being on the defendant to produce his license. So

here it was necessary to allege that defendant kept and had in his possession a still and worm, whereupon the burden of proof would shift to him to produce his certificate of registration. The complaint did not state facts sufficient to constitute a crime under the statute and the judgment will be reversed and the case dismissed.

REVERSED AND DISMISSED.

RAND and COSHOW, JJ., concur.

BURNETT, J., concurs in the result.